UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JESUS GUTIERREZ-MENDOZA,

        Petitioner,

  v.

Case No. 18-cv-1357-pp

CHRISTOPHER BUESGEN,

        Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 28)**

On August 1, 2022, the court dismissed the petition for writ of *habeas corpus* under 28 U.S.C. §2254 and declined to issue a certificate of appealability. Dkt. No. 24. The court entered judgment the same day. Dkt. No. 25. The petitioner filed a notice of appeal on August 30, 2022. Dkt No. 27. The same day, the petitioner filed a motion for leave to appeal without prepaying the filing fee. Dkt. No. 28.

Under Federal Rule of Appellate Procedure 24(a), a district court may allow an appellant to proceed without prepaying the appellate filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States,

1

96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit of indigence states that he has $1,300 in his trust account, dkt. no. 28 at 3, but that he does not have full access to his release account and cannot afford the copying and postage costs necessary, id. at 6. The affidavit lists $80 in monthly expenses. Id. at 5. According to the petitioner's trust account statement, as of August 26, 2022, the petitioner had $149.29 in his regular trust account and $1,168.82 in his release account. Dkt. No. 29. The court finds that the petitioner cannot pay the $505 filing fee.

As for good faith, a district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court declined in its August 1, 2022 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." O'Brien, 216 F.3d at 634. "To determine that an appeal is in good faith, a court need only find that a reasonable person could

suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The August 1, 2022 order dismissed all three of the petitioner's grounds for relief. The court concluded that the Wisconsin Court of Appeals reasonably rejected the petitioner's ineffective assistance of counsel claims. Dkt. No. 24 at 22, 41. The court also determined that the petitioner had procedurally defaulted his due process claim. Dkt. No. 24 at 34-35. The court explained that even if it had found that the petitioner had not procedurally defaulted, it would still have denied *habeas* relief because the Wisconsin Court of Appeals did not unreasonably apply federal law when it denied the petitioner's due process claim. Id. at 36. The court believes it is unlikely that the Seventh Circuit will disagree, but it cannot say that no reasonable person could suppose that any of the petitioner's claims have merit. Accordingly, the court cannot conclude that the appeal is frivolous.

The court **GRANTS** the petitioner's motion for leave to appeal without prepayment of the filing fee. Dkt. No. 28.

Dated in Milwaukee, Wisconsin this 15th day September, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:18-cv-01357-PP   Filed 09/15/22   Page 3 of 3   Document 33